IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MERKEEMA YVETTE SMALLS, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4852 |
| | : | |
| JUDGE BETSY JO WAHL, *et al.*, | : | |
|     *Defendants*. | : | |

## MEMORANDUM

**Pappert, J.**                                                                                           **December 2, 2025**

*Pro se* plaintiff Merkeema Yvette Smalls commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 asserting violations of her constitutional rights arising from state court child custody proceedings concerning her minor child L.S. Smalls subsequently filed her Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 83) and Amended Complaint,[1] (Amended Complaint (Dkt. No. 10), in which she asserts

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1611 (2020) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

    Smalls has also filed numerous documents on the docket. To the extent these submissions include factual allegations or relevant exhibits, they cannot be considered at this time, because the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, 'presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims.'" (quoting *Uribe v. Taylor*, No. 10-2615, 2011 WL 1670233,

claims against Judge Betsy Jo Wahl, Nefertiti C. Jordan, Esquire, and Mikal Coleman.[2] For the following reasons, the Court will grant Smalls leave to proceed *in forma pauperis*.[3] Smalls's federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, but without leave to amend.

I[4]

Smalls, who resides in North Carolina, alleges that she is the "lawful mother and custodian" of the minor child, L.S. (AC at 2, 3.) Mikal Coleman is the child's father, and the Court infers that he shares custody of the child with Smalls. (*Id*. at 2.) The Court further infers that Smalls seeks to amend the current custody arrangement because she believes her child is at risk while in Coleman's care. She alleges that "CPS, hospital, Duke Health records, and photographic evidence confirm the child's ongoing endangerment through vaping, firearm exposure, and emotional abuse." (*Id*. at 3.)

---

at *1 (E.D. Cal. May 2, 2011)); *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 16-193, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) ("Piecemeal pleadings cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent[] . . . .").

[2] Also pending are the following: Emergency Motion and Petition for Temporary Restraining Order (Dkt. No. 9), Motion to Take Judicial Notice (Dkt. No. 12), Petition for Equitable Protective Relief (Dkt. No. 20), and Emergency Judicial Notice and Petition for Temporary Restraining Order (Dkt. No. 69). In light of the Court's disposition of Smalls's Amended Complaint, these motions and petitions will be denied as moot.

[3] After filing her first Motion for Leave to Proceed *In Forma Pauperis*, Smalls filed two additional Motions for Leave to Proceed *In Forma Pauperis* that contain the same information as the first. (*See* Dkt. Nos. 92, 95.) These Motions will be denied as moot.

[4] The factual allegations set forth in this Memorandum are taken from Smalls's Amended Complaint. (Dkt. No. 10). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Smalls's pleadings will be corrected for clarity.

Judge Wahl, who is presiding over the custody proceedings, has allegedly stated on the record that she would "only change the custody order if [Smalls] moved back to Pennsylvania." (*Id*.) Smalls accuses Judge Wahl of participating in *ex parte* communications, though she does not describe the contents of those communications nor the participants, and attributes the Judge's apparent disinclination to change the current custody arrangements to bias, though she does not describe any conduct, other than unfavorable rulings, that would indicate bias. (*Id*.) Smalls also alleges that Coleman's counsel, Defendant Jordan, has misrepresented facts, violated her duty of candor, and obstructed service. (*Id*.) Smalls does not identify which facts have been misrepresented and provides no examples of a lack of candor or incident of obstruction of service on Jordan's part. Smalls claims that the Defendants, acting together, have deprived her of custody of her child and have curtailed her parental rights. (*Id*.)

Smalls asserts violations of her Fourteenth Amendment rights, claiming that the Philadelphia Court of Common Pleas lacks jurisdiction over the pending custody matter under the UCCJEA.[5] She also claims that the Defendants engaged in mail tampering and obstruction in violation of 18 U.S.C. §§ 1341 and 1505;[6] and asserts violations of

---

[5] The Court understands Smalls to refer to the Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa. Stat. and Cons. Stat. §5401, *et seq.* "The UCCJEA, 23 Pa.C.S.A. § 5401, *et seq.,* was promulgated by the National Conference of Commissioners on Uniform State Laws in 1997 and became effective in Pennsylvania in 2004. . . . One of the main purposes of the UCCJEA was to clarify the exclusive, continuing jurisdiction for the state that entered the child custody decree. *See* 23 Pa.C.S.A. § 5422, cmt.; *see also Bouzos–Reilly v. Reilly,* 980 A.2d 643, 645 (Pa. Super. Ct. 2009)." *Rennie v. Rosenthol*, 995 A.2d 1217, 1220 (Pa. Super. Ct. 2010).

[6] Criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."); *Brown v. U.S. Dist. Ct. for the E. Dist. of Pa.*, No. 18-747 (E.D. Pa.) (Apr. 9, 2018 Order at 6 (dismissing claims under 18 U.S.C. § 1589 as "meritless

---

and frivolous")), *aff'd*, 740 F. App'x 239, 240 (3d Cir. 2018) (*per curiam*); *Brown v. Progressive Specialty Ins. Co.*, 763 F. App'x 146, 147 (3d Cir. 2019) (*per curiam*) ("Brown's mere citation to various constitutional provisions cannot transform his state law claims into causes of action 'arising under' the Constitution."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979). The criminal statutes that Smalls cites do not, in any event, give rise to a civil right of action. *See Thompson v. Michels*, 574 F. App'x 196, 197 (3d Cir. 2014) (holding that [§ 1341] is a "criminal statute that does not give rise to a private right of action."); *see also Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) (holding that 18 U.S.C. § 1341 lacks a private right of action); *Gage v. Wells Fargo Bank, N.A.*, No. 12-777, 2013 WL 3443295, at *5 (D.N.J. July 9, 2013), *aff'd*, 555 F. App'x 148 (3d Cir. 2014) (holding that 18 U.S.C. § 1505 does not confer private right of action).

the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12132 ("ADA");[7] state law claims for breach of fiduciary duty and trust rights; violations of § 1983;[8] civil rights conspiracy claims under 42 U.S.C. §§ 1985 and 1986;[9] fraud on the court; violations of

---

[7] To allege a plausible violation of Title II of the ADA, a plaintiff must assert that (1) she is a "qualified individual with a disability;" (2) she is being excluded from participation in or being denied the benefits of some "services, programs, or activities," by reason of his disability; and (3) the entity which provides the service, program or activity is a public entity. *See, e.g., Layton v. Elder*, 143 F.3d 469, 472 (8th Cir.1998); *Bowers v. National Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 475 (D.N.J. 1998); *Adelman v. Dunmire*, No. 95-4039, 1997 WL 164240 (E.D. Pa. Mar. 28, 1997). The proper defendant in a Title II claim is the public entity or an official acting in his official capacity. *See Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002). Smalls has not alleged that she is a qualified individual with a disability under the ADA, or that she has been denied access to a service, program, or activity because of a disability. She has not identified any public entity allegedly responsible for excluding her from participation in any services, programs, or activities. Her passing reference to the ADA does not give rise to a plausible claim. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."); *Alexis v. Sessions*, No. 18-2099, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018). Smalls's ADA claim will be dismissed.

[8] Section 1983 is not a source of substantive rights, but a means of vindicating violations of federal constitutional and statutory rights committed by state actors. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995 (citations omitted).

[9] Section 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The AC does not include any allegations suggesting that any of the Defendants were motivated by racial or class based discriminatory animus and this claim, therefore, is not plausible. Section 1986 is derivative of § 1985, and, therefore, fails as well. *Dennison v. Pa. Dep't. of Corr.*, 268 F. Supp. 2d 387, 402 n.10 (M.D. Pa. 2003) (citations omitted).

her "religious freedom and trust interference" under 26 U.S.C § 508;[10] and claims based on judicial bias and engagement in *ex parte* communications. (*Id.* at 4.) For relief, she requests, *inter alia*, that the Court declare all orders of the Court of Common Pleas void *ab initio*,[11] enjoin[12] the Defendants from enforcing the void orders, issue a writ of mandamus compelling recognition of federal jurisdiction, issue a stay of custody transfers, recognize various IRS filings, refer episodes of misconduct to the Department of Justice, the Judicial Conduct Board, the IRS and other disciplinary bodies, and award money damages. (*Id.* at 4-5.) She also seeks a writ of mandamus.[13]

---

[10] Although Smalls includes a passing reference to "RFRA", which the Court understands to mean the Religious Freedom Restoration Act, her citation to 26 U.S.C. § 508 references a provision of the Internal Revenue Code enacted to prevent abuses of tax-exempt status by private foundations. *Hammond v. U.S.*, 764 F.2d 88, 95 (2d Cir. 1985). There appears to be no application of that provision to the custody dispute and Smalls does not explain how § 508 provides a basis for any claim she may be asserting. RFRA prohibits the federal government from "substantially burden[ing] a person's exercise of religion" unless "application of the burden . . . is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that . . . interest." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 301 (3d Cir. 2016). Smalls also fails to allege any facts about how her religious exercise was burdened by the federal government.

[11] Declaratory relief is unavailable to adjudicate past conduct, so Smalls's request for this relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). *See also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[12] In light of the Court's disposition of Smalls's federal claims, and lack of subject matter jurisdiction over her state law claims, her request for injunctive relief will be denied.

[13] Section 1361 of Title 28 of the United States Code provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." For a district court to have subject matter jurisdiction to compel the action of an

6

II

The Court will grant Smalls leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se*

---

individual pursuant to § 1361, the individual must be "an officer or employee of the United States or any agency thereof." *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). The United States Court of Appeals for the Third Circuit has concluded, "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that Congress, in enacting § 1361 was thinking solely in terms of the executive branch." *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (internal citations and quotations omitted). Consequently, courts have held that § 1361 does not confer subject matter jurisdiction on federal district courts to compel the actions of judges and judicial employees. *See Semper*, 747 F.3d at 250-51 (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that the Supreme Court is not an "'agency' within the meaning of § 1361"); *Viola v. United States*, No. 17-0856, 2017 WL 4318029, at *3 (D. Conn. Sept. 28, 2017) (holding that district court lacked subject matter jurisdiction to issue a writ of mandamus against federal district court judge). Smalls has not sought to compel the action of an officer or employee of the United States or any of its agencies, and therefore this request must be denied for lack of subject matter jurisdiction.

Section 1651 of Title 28 also confers jurisdiction on a district court to issue a writ of mandamus "in aid of" its own jurisdiction. Section 1651 is not applicable here since Smalls's requested relief is not in aid of our jurisdiction.

7

complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Smalls is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*; s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." *Id.*

### III

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is

not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

### A

Smalls asserts claims against Coleman, identified as the father of her minor child, and Jordan, identified as Coleman's attorney. (AC at 2.) However, the factual allegations in her Amended Complaint do not plausibly assert that Coleman and Jordan are state actors amenable to suit under § 1983. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant

9

in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Smalls does not allege that Coleman or Jordan exercised powers that are traditionally the exclusive power of the state, that they acted with the help of or in concert with state officials, or that the state has so far insinuated itself into a position of interdependence with Coleman and Jordan that their actions must be recognized as joint participation in the alleged effort to deprive Smalls of custody of her child and other parental rights. Rather, the brief and conclusory allegations describing their conduct relate solely to their involvement in custody proceedings in their capacity as a parent/litigant and his counsel. In these circumstances, Coleman and Jordan are private individuals and not a state actors subject to liability under § 1983. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 667-68 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (dismissing § 1983 claims against wife and her attorneys "because they were not state actors"); *Francisco v. Hertzog*, No. 25-1778, 2025 WL 3034699, at *1 (3d Cir. Oct. 30, 2025) (*per curiam*) (affirming district court's dismissal of father's 1983 claims against mother arising from custody proceedings because mother was not state actor); *Humphrey v. Pennsylvania Ct. of Common Pleas of Philadelphia*, 462 F. Supp. 3d 532, 536 (E.D. Pa. 2020) (dismissing § 1983 claims against mother who gained custody of child in lawsuit brought by father). Merely resorting to the courts and being on the winning side of a lawsuit does not make one a state actor for purposes of § 1983. *See Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Accordingly, all § 1983 claims against Colemand and Jordan will be dismissed with prejudice.

B

Smalls asserts claims against Judge Wahl based on her conduct in the course of child custody proceedings. These claims are barred by absolute judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) or are taken as a result of a conspiracy with others. *Dennis*, 449 U.S. at 27.

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko*, 443 F.3d at 303-04 (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in

some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017). "However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief." *Id.* Here, Smalls does not allege that Judge Wahl violated a declaratory decree or that declarator relief was unavailable. Accordingly, any claim for injunctive relief against Judge Wahl is not plausible.

Smalls's claims against Judge Wahl arise from her involvement in state court child custody proceedings. She claims that Wahl engaged in *ex parte* communications, refused to recuse despite bias, and stated on the record during the custody proceedings that she would not change the custody order unless Smalls moved from her current home in North Carolina to Pennsylvania. (AC at 3.) Although Smalls alleges in conclusory fashion that the Defendants, presumably including Wahl, entered orders without jurisdiction, (AC at 3), Judge Wahl presided over the described custody proceedings and had jurisdiction to do so as a Judge of the Court of Common Pleas. Smalls has not alleged any facts that would support a plausible inference that Judge Wahl acted in the absence of all jurisdiction. *See Lee v. Gallina Mecca*, No. 22-2871, 2023 WL 5814783, at *4 (3d Cir. Sept. 8, 2023) ("But even accepting Lee's allegations as true, judicial acts that appear to be unfair, malicious, or *ex parte* are not stripped of their judicial immunity); *Mikhail*, 991 F. Supp. 2d at 660 (finding judges who presided

over protection from abuse, custody, and divorce proceedings were entitled to immunity because plaintiff did not show an absence of jurisdiction and immunity applied despite allegations of bad faith and conspiracy); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."); *Dennis*, 449 U.S. at 29 (holding that immunity applies even if a judge conspired with litigants). Accordingly, Smalls's claims against Judge Wahl must be dismissed with prejudice.

C

Smalls asserts state law claims for breach of fiduciary duty, and claims arising from alleged fraud on the court and judicial bias. She also claims that the state court lacks jurisdiction over the underlying custody proceedings under the UCCJEA. Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over Smalls's state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Smalls has not plausibly alleged the existence of diversity jurisdiction because she has not alleged that the amount in controversy exceeds $75,000, exclusive of interest and costs.

"As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action

is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Punitive damages "must [also] be considered in determining the amount in controversy." *Coulter v. Paul Laurence Dunbar Cmty. Ctr.*, 685 F. App'x 161, 165 (3d Cir. 2017) (citations omitted). As the plaintiff, Smalls bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (further citations omitted).

     Although Smalls requests primarily declaratory and injunctive relief, she also requests an award of both compensatory and punitive damages. (AC at 5.) She does not, however, specify the amount of compensatory damages she seeks, and does not allege that her damages are in excess of the jurisdictional limit. (*See* AC.) On the face of her Amended Complaint, the primary focus of Smalls's civil action is obtaining amendment of the existing custody order entered by the state court. There are no facts alleged suggesting that she has suffered any injury giving rise to compensatory damages in any amount. Even the most liberal interpretation of her pleading cannot plausibly lead to the conclusion that Smalls is entitled to recover $75,000 in damages, even if that included punitive damages. As such, she has failed to satisfy her burden to establish the Court's jurisdiction, and her state law claims must be dismissed for lack of

subject matter jurisdiction. *See Nationwide Mut. Ins. Co. v. Dunn*, No. 11-0102, 2011 WL 184012, at *2 (M.D. Pa. Jan. 19, 2011) (dismissing complaint that did not allege amount in controversy exceeded $75,000 exclusive of interest and costs for failure to properly plead existence of diversity jurisdiction).

Smalls will not be granted leave to amend these claims. Instead, she may pursue these claims in an appropriate state court.

IV

For the foregoing reasons, the Court will grant Smalls leave to proceed *in forma pauperis*. Smalls's federal claims will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction but without leave to amend.

A separate Order accompanies this Memorandum.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**Gerald J. Pappert, J.**